### THE STATE v. JOHN PLOUGH.

Submitted March 9, 1916—Decided April 10, 1916.

1. Whether or not the entire record of the proceedings had at the trial of a criminal case shall be returned with the writ of error is a matter which, by the one hundred and thirty-sixth section of the Criminal Procedure act, is left entirely to the option of the plaintiff in error, and cannot be determined either by the court out of which the writ issues or the court to which it is directed.
2. The denial of the motion to quash an indictment is not reviewable under the one hundred and thirty-sixth section of the Criminal Procedure act, that section having application only to proceedings had at the trial and the motion to quash being no part thereof.
3. The question whether or not an indictment charges a criminal offence is one of law to be determined by the court, and cannot be settled by the verdict of a jury which only decides the guilt or innocence of the defendant of the charge laid against him and not the criminality *vel non* of that charge.
4. The proper methods of attacking the validity of an indictment, on the ground of fundamental defects existing therein, are (1) by demurrer thereto; (2) by motion to quash; (3) by motion in arrest of judgment, and, (4) by writ of error, where the defect is apparent on the face of the record.

On error to the Hudson Quarter Sessions. On petition for rehearing.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and BERGEN.

For the petitioner, *James F. Clark.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The conviction in the present case having been affirmed by this court, the petitioner prays for a rehearing upon the ground that, in considering and determining its validity, the court acted under the mistaken impression that the conviction was before it on strict bill of exception, and not under the broad review provided by the one

hundred and thirty-sixth section of the Criminal Procedure act (*Comp. Stat., p.* 1863), and for this reason erroneously declined to review the refusal of the trial court to quash the indictment, and its refusal to direct a verdict of acquittal upon the ground that the indictment did not charge a crime, because the disposition of each of those two motions rested in the discretion of the court, and that the judicial action with regard thereto was not reviewable on a strict bill of exceptions.

The contention made on behalf of the petitioner that he was entitled to the review provided by this statutory enactment, is based upon the fact that the writ of error sued out by him and directed to the Court of Oyer and Terminer contains a command that the trial court send, under its seal, "the entire record of the proceedings had upon the trial of the cause," and that the return of the lower court shows that this mandate was complied with. In our opinion, this command is *ultra vires* the Supreme Court, and its presence in the writ is without legal efficacy. Whether or not the court of review shall consider the proceedings had upon the trial in determining whether a conviction shall be affirmed or reversed, is a matter over which neither that court nor the trial court, separately or in conjunction, may legally exercise any control whatever. It is not suggested by the petitioner that any such power rests in either of these courts inherently by the nature of their respective constitutions. It certainly has not been conferred by the legislature in the enactment of section 136 of the Criminal Procedure act. That section provides that "the entire record of the proceedings had upon the trial of any criminal cause may be returned by the plaintiff in error therein with the writ of error bringing up the bill of exceptions as signed and sealed in the cause; and on the argument such entire record shall be considered and adjudged by the appellate court; and if it appear by such record that the plaintiff in error on the trial below suffered manifest wrong or injury, * * * in the denial of any matter by the court which was a matter of discretion, the appellate court shall remedy such wrong or injury and give judgment accordingly."

By this provision the determination of the question whether or not a court of review in determining the validity of a criminal conviction shall have before it for its consideration the proceedings had at the trial, is left by the legislature exclusively to the plaintiff in error, uncontrolled either by the tribunal of first instance or by the court of review; and he may compel the consideration of such proceedings by the court of review or exclude their consideration from that court, as to him shall seem fit. We see no reason, therefore, for departing from the view originally expressed by us, and hold that, as the proceedings had at the trial were not returned by the defendant or by his authority, but are before us solely by the combined action of the court of first instance and the court of review, they are not, strictly speaking, properly before us.

We may add that the method of procedure to be adopted for the bringing up of the proceedings had at the trial of a criminal case, under the one hundred and thirty-sixth section of the Criminal Procedure act, has lately been settled by the Court of Errors and Appeals in *State* v. *Armstrong, ante p.* 280.

But, as the petitioner evidently considered that, in the return of the proceedings had at the trial, the one hundred and thirty-sixth section of the Criminal Procedure act had been complied with, it seems to us proper to point out that neither of the rulings of which he complains is reviewable under that section.

First, as to the motion to quash. The statute authorizes the appellate court to review rulings of the trial court which are discretionary in their nature only when such rulings occur during the course of the trial. A motion to quash is not a part of the proceedings had at the trial, but always precedes it. In fact, strict practice requires that such a motion shall precede the entering of his plea by the defendant. For this reason it was held by the Court of Errors and Appeals, in the late case of *State* v. *Pisaniello, ante p.* 262, that the denial of a motion to quash is not reviewable under the statutory provision appealed to.

Second, as to the motion to direct a verdict upon the ground that the indictment fails to set out a criminal offence. In our opinion, this motion is not directed to the discretion of the court. In the trial of criminal cases the respective functions of the court and the jury are sharply differentiated in this state. As was said by Mr. Justice Depue, in *Roesel* v. *State,* 62 *N. J. L.* 216, 253 : "By the consensus of the bar and the judiciary, it has been recognized as the established law in this state that in the trial of criminal cases questions of law were for the court and questions of fact for the jury, saving only the right of the jury to render a general verdict where questions of law and fact were combined in the issue." In the present case, the question of fact for the jury to determine was whether the evidence showed beyond a reasonable doubt that the defendant had been guilty of the acts charged against him in the indictment; the fundamental question of law was whether the acts set forth in the indictment constituted a criminal offence. With this latter question the jury had nothing to do, nor could their verdict determine it. This being so, it was not within the discretion of the trial court to avoid the responsibility which the law placed upon it, of determining the validity of the indictment, and to place that responsibility upon the jury. Consequently, its refusal to take this course upon the application of the petitioner cannot be justly considered as "the denial of a matter by the court which was a matter of discretion."

We think it well to add, under the circumstances, that the proper methods for attacking the validity of an indictment on the ground of fundamental defects alleged to exist therein are, by demurrer thereto; by motion to quash it; by motion to arrest the judgment; and by writ of error, where the defect is apparent on the face of the record. *Proctor* v. *State,* 55 *N. J. L.* 472, and cases cited.

The application for a rehearing is denied.